IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 99-00473 SOM |
| | ) | Civ. No. 16-00679 SOM/RLP |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | TO VACATE, SET ASIDE, OR |
| SEAN MATSUNAGA, | ) | CORRECT SENTENCE BY A PERSON |
| | ) | IN FEDERAL CUSTODY AND |
| Defendant-Petitioner. | ) | GRANTING A CERTIFICATE OF |
| _____ | | APPEALABILITY |

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY**

I.     INTRODUCTION.

In 1999, Sean Matsunaga and three other men robbed a bank in Oahu. They stole more than $100,000, shot at the police, and injured innocent bystanders. A jury found Matsunaga guilty of conspiracy, bank robbery, and two counts of carrying a firearm in furtherance of that conspiracy. After two unsuccessful appeals and one unsuccessful § 2255 petition, Matsunaga brings a second petition under 28 U.S.C. § 2255, arguing that his bank robbery conviction is not a "crime of violence" for purposes of his conviction on Count 3, which charged Matsunaga with knowingly carrying a firearm during and in relation to a crime of violence. This court denies the petition and grants a certificate of appealability.

## II.     STANDARD OF REVIEW.

Under § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  As the Ninth Circuit stated in *Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."

Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error.  As the Court said in *United States v. Frady*, 456 U.S. 152, 167-68 (1982), "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both

2

(1) 'cause' excusing his double procedural default, and 'actual prejudice' resulting from the errors of which he complains." *Id.; accord Davis v. United States*, 411 U.S. 233, 242 (1973).

A judge may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules.

A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); *United States v. Christie*, 2018 WL 1073128, *3 (D. Haw. Feb. 27, 2018) ("A court need not hold an evidentiary hearing if the allegations are palpably incredible or patently frivolous, or if the issues can be conclusively decided on the basis of the evidence in the record." (quotation marks, citations, and alterations omitted)). This court determines that Matsunaga's present § 2255 motion raises purely legal issues. No evidentiary hearing has been requested, and none is necessary.

**III.     BACKGROUND.**

This is Matsunaga's second § 2255 petition. The court set forth the background in its earlier order denying his first § 2255 petition:

> On July 7, 1999, Matsunaga, Albert Batalona, Jacob Hayme, and Roger Dailey robbed the American Savings Bank located in Kahala on Oahu. Wearing ski masks and armed with weapons,[1] they entered the bank and ordered everyone to lie on the floor. Transcript of Proceedings ("Transcript") Volume 3 at 11-13, 167 (bank employee describing events) (Sept. 26, 2002). Some bank employees were pushed to the floor and hit with a rifle. *Id.* at 13, 27. The men took more than $100,000 from the teller cash dispenser that contained bait bills and dye packs. *Id.* at 88-91, 110. The dye packs exploded when they were taken from the bank. *Id.* at 20, 54.
> Because a bank employee had pushed a silent alarm that alerted the police that there was a problem, police were waiting outside the bank. *Id.* at 23. Batalona shot at the police. *Id.* at 34, 96, 136-38. Matsunaga, Hayme, and Dailey escaped together, while Batalona, still armed and wearing a face mask, stopped a bakery delivery van and escaped in that van.
>
> Shortly thereafter, the four men were arrested.[2]

---

[1] Matsunaga and Hayme carried semiautomatic assault weapons, while Batalona was armed with a machine gun. Transcript Volume 5 at 164-71 (Oct. 1, 2002).

[2] Dailey was arrested, pled guilty to bank robbery, and was sentenced to a 75-month term of imprisonment. *See* Judgment, 99-cr-442, Docket No. 44 (Aug. 1, 2003). Hayme and Batalona were arrested, and Batalona was convicted in state court of robbery, attempted murder, use of a firearm in the commission of a separate felony, and possession of a prohibited firearm.

Subsequently, a Superseding Indictment issued charging Matsunaga and Hayme with five counts.  Count 1 charged Matsunaga and Hayme with conspiring with others to rob a bank in violation of 18 U.S.C. § 2113(a).  Count 2 charged Matsunaga and Hayme with bank robbery in violation of 18 U.S.C. § 2113(a).  Counts 3 and 4 charged Matsunaga and Hayme with knowingly carrying semiautomatic assault weapons during the robbery in violation of 18 U.S.C. §§ 921(a)(30), 924(c)(1)(A), and 2.  Specifically, Count 3 charged Matsunaga and Hayme with being responsible for the carrying of a Norinco .223 semi-automatic assault weapon (Hayme's alleged weapon), while Count 4 charged Matsunaga and Hayme with being responsible for the carrying of a AR-15 .223 semi-automatic assault weapon (Matsunaga's alleged weapon).  Count 5 charged Matsunaga and Hayme with being responsible for the carrying of a machine gun (Batalona's alleged weapon).  *Id.* Matsunaga was thus charged with carrying three weapons during the bank robbery: two firearms carried by his co-conspirators, and his AR-15 semiautomatic weapon, which was never recovered.

. . . .

On October 8, 2002, the jury found Matsunaga guilty on Counts 1 through 4 of the Superseding Indictment, but not guilty on Count 5.  This court ordered judgment of acquittal as to Count 5.

---

Hayme pled guilty to Counts 1 to 3 in the Superseding Indictment, and received a post-*Ameline* sentence of 60 months of imprisonment on Count 1, 92 months of imprisonment on Count 2 (concurrent with the sentence on Count 1), and 120 months of imprisonment on Count 3 (consecutive to the sentence on Count 2).

Amended Order Denying Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 at 2-7, ECF No. 323, PageID #s 727-30 (Aug. 26, 2010).

Matsunaga was ultimately sentenced to 60 months of imprisonment on the conspiracy charge alleged in Count 1, 151 months of imprisonment on the bank robbery charge alleged in Count 2 (running concurrently with Count 1), and 10 years of imprisonment on the § 924(c) charge alleged in Count 3 (running consecutively to the sentence on Count 2), for a total of 271 months imprisonment. *See* Fourth Amended Judgment, ECF No. 274, PageID # 133 (May 11, 2006).

Matsunaga appealed. On July 2, 2008, the Ninth Circuit Court of Appeals affirmed in a memorandum decision. *See* ECF No. 292. Matsunaga did not seek certiorari from the United States Supreme Court.

On October 8, 2009, Matsunaga filed his first petition under § 2255. *See* ECF No. 308. That petition was denied in an amended order of August 26, 2010. *See* ECF No. 323.

On May 26, 2016, Matsunaga filed the present (his second) petition under § 2255, after receiving permission from the Ninth Circuit to do so. *See* ECF Nos. 330-31.

**IV.     ANALYSIS.**

Matsunaga argues that his conviction under § 924(c) should be vacated because it was premised on his bank robbery

conviction under § 2113(a), which, according to Matsunaga, did not constitute a "crime of violence."

In relevant part, Count 3 of the Superseding Indictment of September 26, 2001, charged Matsunaga with knowingly carrying a firearm during and in relation to a crime of violence (the July 7, 1999, bank robbery charge alleged in Count 2 of the Superseding Indictment) in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 107-2, PageID # 4. The version of 18 U.S.C. § 924(c)(1)(A) in effect from November 13, 1998, to November 1, 2002, is identical in relevant part to the current version:

> [A]ny person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .--
>
> . . . .
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). That version of § 924(c) further defined "crime of violence" as:

> (3) . . . an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

7

> (B) that by its nature, involves a
> substantial risk that physical force against
> the person or property of another may be
> used in the course of committing the
> offense.

*Id.*

The present order refers to § 924(c)(3)(A) as the "force or elements clause," and to § 924(c)(3)(B) as the "residual clause."

Count 2 of the Superseding Indictment charged Matsunaga with federal bank robbery in violation of 18 U.S.C. § 2113(a). The version of that statute in effect from October 11, 1996, to November 1, 2002, which is identical to in relevant part the current version of the statute:

> (a) Whoever, by force and violence, or by
> intimidation, takes, or attempts to take,
> from the person or presence of another, or
> obtains or attempts to obtain by extortion
> any property or money or any other thing of
> value belonging to, or in the care, custody,
> control, management, or possession of, any
> bank, credit union, or any savings and loan
> association . . .
>
> . . . .
>
> Shall be fined under this title or
> imprisoned not more than twenty years, or
> both.

The issue before this court is whether Matsunaga's § 2113(a) conviction is a "crime of violence" such that a predicate for his § 924(c)(1)(A) conviction exists. Under binding Ninth Circuit precedent, Matsunaga's federal bank

robbery conviction pursuant to § 2113(a) is a "crime of violence." But before addressing that precedent, this court examines the Government's procedural arguments.

**A.  There Is No Statute of Limitation Bar.**

Matsunaga's sentence and conviction were affirmed by the Ninth Circuit in 2008. Matsunaga did not seek certiorari from the United States Supreme Court.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, which held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("involv[ing] conduct that presents a serious potential risk of physical injury to another"), unconstitutionally vague in violation of the Due Process Clause. *Johnson*, 135 S. Ct. at 2563. Ten months later, on April 18, 2016, the Supreme Court held that *Johnson* applied retroactively to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

About one month after *Welch* and less than one year after *Johnson*, on May 26, 2016, Matsunaga filed with the Ninth Circuit an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2255. On January 25, 2017, the Ninth Circuit granted that Application, ordering that the proposed § 2255 motion be transferred to this court and deemed filed as of May 26, 2016. *See* ECF No. 330.

Matsunaga was required to file his § 2255 motion within one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under the third prong, Matsunaga was required to file his § 2255 petition within one year of the *Welch* decision of April 10, 2016, which made *Johnson* retroactively applicable to ACCA cases on collateral review. Matsunaga argues that *Johnson/Welch* should be extended beyond ACCA cases. Because Matsunaga's § 2255 petition was filed on May 26, 2016, less than one year after *Johnson* and about one month after *Welch*, it was timely.

### B. Matsunaga Did Not Procedurally Default.

The Government argues that Matsunaga procedurally defaulted on the claim he raises in this § 2255 petition, saying that he did not previously raise the issue with this court or

10

with the Ninth Circuit on appeal.  This court is not persuaded by the Government in this regard.

A defendant procedurally defaults on a claim not raised to the trial court or on appeal "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *see also United States v. Frady*, 456 U.S. 152, 167 (1982).  To show "actual prejudice," a § 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 U.S. at 170.

Matsunaga argues that the Supreme Court's decisions in *Johnson* and *Welch* provide him with the necessary "cause," as the Supreme Court recognized a new constitutional right and made it retroactively applicable on collateral review.  Matsunaga argues for an extension of *Johnson/Welch*.  Such an argument establishes the necessary "cause," as the legal basis for the argument was not reasonably available to Matsunaga until those cases were decided.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause").

11

If successful here, Matsunaga would have his § 924(c) conviction vacated, resulting in the vacating of his consecutive sentence for that conviction. These facts demonstrate the necessary prejudice to overcome the procedural default bar. *See Wade v. United States*, 242 F. Supp. 3d 974, 978 (C.D. Cal. 2017) ("If the court mistakenly treated a Hobbs Act robbery as a crime of violence, there is a reasonable probability that, but for the error, Wade's sentence would have been different. The Court thus finds that Wade has established prejudice."). Under these circumstances, it makes no sense to treat Matsunaga as having procedurally defaulted his claim. Notably, the Ninth Circuit clearly allowed Matsunaga's § 2255 petition to proceed, even though it was filed years after Matsunaga's sentence was imposed and long after his appeals were decided.

### C. Matsunaga Was Convicted of a Crime of Violence.

Matsunaga challenges his § 924(c) conviction, asserting that his federal bank robbery conviction in violation of 18 U.S.C. § 2113(a) can no longer be deemed a qualifying "crime of violence" in light of *Johnson/Welch*. Matsunaga argues that the residual clause in § 924(c)(3)(B) is similar to the one struck down in *Johnson* and is therefore unconstitutionally vague. The Government, on the other hand, argues that Matsunaga is not entitled to § 2255 relief because his conviction for federal bank robbery is categorically a crime of violence under

the "force or elements" clause of § 924(c)(3)(A).  Because the court concludes that Matsunaga's federal bank robbery conviction is a crime of violence under the "force or elements" clause, this court need not reach Matsunaga's contention that it is not a crime of violence under the "residual clause."

To determine whether an offense is a "crime of violence," courts utilize the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990); *see also Johnson*, 135 S. Ct. at 2557.  This requires courts to determine "whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."  *Johnson*, 135 S. Ct. at 2557 (quotation marks and citation omitted).  To determine whether an offense is categorically a crime of violence, courts compare the elements of a particular statutory conviction with its generic federal counterpart.  *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015); *accord United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (under the categorical approach, "the sole focus is on the elements of the relevant statutory offense, not on the facts underlying the convictions."). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rested upon nothing more than the least of the acts

criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quotation marks, citation, and alterations omitted); *Watson*, 881 F.3d at 784 ("An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence.").

In *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), the Ninth Circuit defined "intimidation" for purposes of § 2113(a) as "'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Id.* at 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). *Selfa* further held "that persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." *Id.*

Similarly, in *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), the Ninth Circuit held that armed bank robbery in violation of §§ 2113(a) and 2113(d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c).

Even after *Johnson/Welch*, the Ninth Circuit has continued to hold that bank robbery convictions under § 2113(a) involve crimes of violence for purposes of § 924. For example, in *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir.

14

2017) (per curiam), the Ninth Circuit reaffirmed *Selfa*'s holding in a published decision:

> We agree with the analysis of our sister circuits. We, too, have held that "intimidation" as used in the federal bank robbery statute requires that a person take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm," which necessarily entails the "threatened use of physical force." As a result, in our court, too, federal bank robbery constitutes a crime of violence. *Id.* We have not addressed in a published decision whether *Selfa*'s holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without threatening to use "force capable of causing physical pain or injury." Bank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the Johnson standard.

*Id.* (quoting *Johnson*, 559 U.S. at 140 and *Selfa*, 918 F.2d at 751) (internal citations omitted).[3]

On February 1, 2018, the Ninth Circuit similarly ruled in *Watson*, 881 F.3d 782, a case involving similar facts and the

---

[3] In *Gutierrez*, the Ninth Circuit entered judgment on December 12, 2017, and the mandate issued on February 5, 2018. *See* Case: 16-35583, ID: 10750773, DktEntry: 28. On March 6, 2018, Gutierrez filed a petition for certiorari on the issue of whether carjacking, in violation of 18 U.S.C. § 2119, constitutes a crime of violence under 18 U.S.C. § 924(c). *See id.* at DktEntry: 29.

same attorney representing Matsunaga here.[4]  The defendants in *Watson* robbed an American Savings Bank while armed with handguns.  The defendants were charged with bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), as well as with using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), the same statutes at issue here.  In a § 2255 petition, the defendants made the same argument raised here--that a conviction for using or carrying a firearm during a crime of violence is unlawful because the predicate bank robbery offense no longer qualifies as a crime of violence.  *Watson*, 881 F.3d at 784.  The Ninth Circuit rejected that argument.

*Watson* began by noting that, to qualify as a crime of violence under the "force or elements" clause, the "physical force" element must involve "violent" physical force or "force capable of causing physical pain or injury."  *Id.*  The Ninth Circuit used the categorical approach to determine whether bank robbery in violation of § 2113(a) qualifies as a crime of violence, noting that an "offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence."  *Id.*  *Watson* noted that § 2113(a) prohibits bank robberies "by force or violence" or by

---

[4] On March 5, 2018, Watson filed a petition for rehearing en banc.  *See* Case: 16-15357, ID: 10785415, DktEntry: 44-1.  That petition for rehearing en banc has not been adjudicated.

"intimidation." The defendants in *Watson* did not dispute that committing a bank robbery "by force or violence" necessarily entails the requisite violent physical force for purposes of § 924(c)(1)(A), instead arguing that bank robbery by "intimidation" was not a crime of violence. *Id.* at 785. In the Opening Brief on appeal, the defendants argued, "because federal strong-arm bank robbery can be politely and peaceably committed, involving nothing more than a soft spoken request for money while visibly armed, it is not a force clause crime of violence." Joint Opening Brief at 9, Case: 16-15357, DktEntry: 6, ID: 10119747 (Sept. 12, 2016); and at 14-16 (arguing that, based on *United States v. Hopkins*, 703 F.2d 1102 (9th Cir. 1983), the minimal conduct necessary to prove a violation of § 2113(a) in the Ninth Circuit is a polite demand for money where the defendant speaks calmly, making no threats, while unarmed).

    The Ninth Circuit was unpersuaded:

> In *Gutierrez*, we held that "intimidation" as used in § 2113(a) requires that the defendant take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm" and that a "defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury." We concluded that bank robbery qualifies as a crime of violence because even its least violent form "requires at least an implicit threat to use the type of violent physical force necessary to meet the Johnson standard." In so holding, we joined every other circuit to address the same question.

17

*Id.* (quoting 876 F.3d at 1257).[5]

The Ninth Circuit has also followed *Selfa*'s holding in a number of unpublished post-*Johnson/Welch* memorandum opinions. *See, e.g., United States v. Kenney*, 2018 WL 797092, at *2 (9th Cir. Feb. 9, 2018) ("Kenney's 18 U.S.C. § 924(c) conviction need not be vacated because the underlying crime of armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d) remains a crime of violence under *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)."); *United States v. Pruett*, 2017 WL 5897307, at *1 (9th Cir. Nov. 30, 2017) (federal bank robbery conviction under § 2113(a) is a crime of violence for purposes of § 924(c)); *United States v. Pritchard*, 692 F. App'x 349, 351 (9th Cir. May 18, 2017) ("[B]ank robbery in violation of § 2113(a) qualifies as a crime of violence"), *cert. denied sub nom. Johnson v. United States*, 138 S. Ct. 412 (2017); *United States v. Cross*, 691 F. App'x 312 (9th Cir. May 15, 2017) ("[A]rmed bank robbery in violation of § 2113(a) & (d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c). No intervening authority has overruled these precedents."), *cert. denied*, 138 S. Ct. 408 (2017); *United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. Mar. 14, 2017) ("Under our current case law,

---

[5] The Ninth Circuit also rejected the argument that bank robbery by intimidation does not meet the *mens rea* requirement for a crime of violence. *Watson*, 881 F.3d at 785.

§ 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)."), *cert. denied*, 138 S. Ct. 160 (2017)).

Despite the breadth of binding case law on this court, Matsunaga argues that the minimum conduct necessary for a § 2113(a) conviction does not involve a "crime of violence." Matsunaga argues that, under *Hopkins*, the minimum conduct for a § 2113(a) conviction "consists of nothing more than calmly and apologetically demanding money." ECF No. 340 at 4, PageID # 915. This exact argument was rejected by the Ninth Circuit in *Watson*. It is therefore unpersuasive. This court follows the binding circuit precedent in concluding that a bank robbery conviction under § 2113(a) is a crime of violence for purposes of § 924(c).

**D. The Court Issues a Certificate of Appealability.**

"The standard for granting a certificate of appealability is low. All that's required is that 'reasonable jurists could debate' whether the petition states a 'valid claim of the denial of a constitutional right' and whether the district court 'was correct in its procedural ruling.'" *Frost v. Gilbert*, 835 F.3d 883, 888 (9th Cir. 2016) (en banc) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Given the "low" standard and the pending petitions in *Watson* and *Gutierrez*, this court issues Matsunaga a certificate of appealability as to the

issue of whether his 18 U.S.C. § 924(c) conviction is premised on a bank robbery conviction that qualifies as a "crime of violence."

**V.     CONCLUSION.**

The court denies Matsunaga's § 2255 petition without an evidentiary hearing and grants a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge


United States v. Matsunaga, Crim. No. 99-00473; 16-00679 SOM/RLP; ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY.